UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Billy Rayfield

      Plaintiff,

v.                                                    Case No. 13-12709

American Reliable Insurance Co.,                      Honorable Sean F. Cox

      Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED AFFIRMATIVE DEFENSES (Doc. #22), GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. #18), and DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. #20)**

This is a insurance coverage dispute. Plaintiff Billy Rayfield ("Plaintiff") originally brought this action in Wayne County Circuit Court, seeking payment of insurance benefits from Defendant American Reliable Insurance Co. ("Defendant" or "ARIC") for damages he sustained as a result of a July 3, 2010 automobile accident. (Doc. #1). The case was removed to this Court after being re-filed following a dismissal without prejudice by a stipulated order below. (Doc. #1).

This matter is before the Court on 1) Defendant's Motion for Summary Judgment (Doc. #20), 2) Defendant's Motion to Dismiss or Motion for Judgment on the Pleadings (Doc. #18), and Defendant's Motion for Leave to File Amended Affirmative Defenses (Doc. #22). The motions have been briefed by the parties, but Defendant has not filed a reply brief in support of any of its motions. The Court heard oral argument on the motions on November 13, 2014. For the reasons set forth below, the Court shall GRANT Defendant's Motion for Leave to File Amended Affirmative Defenses, GRANT Defendant's Motion for Judgment on the Pleadings, and DENY AS MOOT Defendant's Motion for Summary Judgment.

# BACKGROUND

### A.    Factual Background

Plaintiff Billy Rayfield sustained severe injuries after he was involved in an automobile accident on July 3, 2010 in Allen Park, Michigan.  (Complaint, attached to Notice of Removal, Doc. #1, at Ex. A ¶ 8).  Plaintiff alleges that Defendant issued an automobile insurance policy to Plaintiff that provided coverage for damages Plaintiff sustained as a result of the July 3, 2010 accident.  (Doc. #1, Ex. A ¶ 8).  Plaintiff has produced a Certificate of No Fault Insurance issued by American Reliable Insurance Company that appears to be valid from March 27, 2010 through March 27, 2011. (Pl. Resp. to MSJ, Doc. #32, at Ex. L).

Defendant apparently denied coverage to Plaintiff for damages arising from the July 3, 2010 incident. Defendant states that it mailed a policy renewal packet to Plaintiff in late 2009, which allegedly provided instructions to Plaintiff regarding how he could renew his automobile insurance policy, including the address to which payment should be remitted.  (Aff. Defs., Doc. #4, at ¶ 17). Defendant maintains that Plaintiff's insurance policy expired due to nonpayment of the renewal premium on or about March 27, 2010.  (Aff. Defs., Doc. #4, at ¶ 16).

Plaintiff testified that he paid his renewal premium by sending a money order in the amount of $146 to American Reliable Insurance Company at the address located on the back of his certificate of insurance, which was 11222 Quail Roost Drive, Miami, Florida 33157.  (Pl. Dep., attached to Pl. Resp., Doc. #32, at Ex. J pp. 40-45).  It is undisputed that this was not the address or entity to which Plaintiff was instructed to remit payment.  (Pl. Dep., Doc. #32 at Ex. J p. 43-44). Defendant maintains that it never received payment of the premium to reinstate Plaintiff's insurance policy prior to the July 3, 2010 accident.  (Aff. Defs., Doc. #4, at ¶ 16).

2

**B.**     **Procedural Background**

Plaintiff filed suit against Defendant American Reliable Insurance Company and American Collectors Insurance in Wayne County Circuit Court on June 27, 2011 for Michigan No-Fault benefits and breach of contract ("Wayne County Case I") (Pl. Resp. to MTD, Doc. #31 at Ex. A). That case was assigned to the Honorable John A Murphy.  (Register of Actions, Doc. #31 at Ex. B). Wayne County Case I was litigated through discovery and Judge Murphy denied Defendant's motion for summary disposition "for the reasons stated on the record," the transcript of which the Court does not currently have before it.   (*See* Court Order dated Aug. 10, 2012, attached to Doc. #31 at Ex. C).  It is unknown exactly what issues were raised in the summary disposition motion before Judge Murphy, although Plaintiff appears to represent that the existence of a valid insurance policy was raised and considered, and that summary disposition was denied on that issue.

Due to a large, outstanding Medicare lien, Wayne County Case I was never tried.  (Pl. Resp., Doc. #31 at 8).  Instead, the parties entered into a stipulated order of dismissal without prejudice that was entered by the court on October 31, 2012.  (Stipulated Order of Dismissal, attached to Pl. Resp., Doc. #31 at Ex. D).  That stipulated order permitted Plaintiff to refile his action by June 28, 2013. (Doc. #31 at Ex. D).

Plaintiff re-filed the action on March 25, 2013 in Wayne County Circuit Court ("Wayne County Case II").  (Notice of Removal, Doc. #1 at Ex. A).  On June 19, 2013, Defendant removed Wayne County Case II to this Court on the basis of diversity jurisdiction.  (Notice of Removal, Doc. #1).  Shortly thereafter, Defendant American Collectors Insurance Inc. was voluntarily dismissed from the action.  (Doc. #8).

On May 31, 2013, also in Wayne County Circuit Court, Plaintiff filed a third-party No Fault

3

action against the at-fault driver, Edwin Jared Stewart, for negligence, as well as Defendant for

uninsured motorist coverage.  ("Wayne County Case III").  Wayne County Case III was assigned

to the Honorable Sheila A. Gibson.  (Pl. Resp., Doc. #31, at p. 10).

On June 30, 2014, while the present case was pending before this Court, Judge Gibson issued

an Order Granting Defendants' Motions for Summary Disposition in Wayne County Case III.  In

that Order, Judge Gibson stated that

> the Court finds . . . that there is no genuine issue of material fact that plaintiff's
> former insurance policy with American Reliable Insurance Company was not in
> effect at the time of the July 3, 2010 accident because plaintiff's policy expired prior
> to the July 3, 2010 accident due to non-payment of the renewal premium and plaintiff
> has not come forward with any evidence to support his claim that plaintiff paid a
> premium to reinstate his policy prior to the accident date other than his own
> uncorroborated and self-serving testimony which is insufficient, as a matter of law,
> to create a genuine issue of material fact.
>
> . . .
>
> because Plaintiff did not have an insurance policy with American Reliable in effect
> at the time of the July 3, 2010 accident, defendant American Reliable Insurance
> Company is entitled to summary disposition in its favor with respect to plaintiff's
> claim for payment under the uninsured motorist portion of plaintiff's former policy
> with American Reliable . . .
>
> . . .
>
> defendant Edwin Jared Stewart is entitled to summary disposition in his favor
> pursuant to M.C.L. 500.3135(2)(C) because plaintiff is not entitled to bring a tort
> claim for bodily injury damages as there is no genuine material factual dispute that,
> at the time of the July 3, 2010 accident, plaintiff was driving his own uninsured
> motor vehicle.

(June 30, 2014 Order, Wayne Cty. Cir. Ct., attached to Def. Mo. at Ex. C, p. 2).

**C.    Current Motions Pending and Set for Hearing**

**1.    Defendant's Motion for Leave to File Amended Affirmative Defenses (Doc. #22)**

Defendant seeks leave to file amended affirmative defenses, which would include the

affirmative defense of collateral estoppel based on Judge Gibson's June 30, 2014 award of summary disposition to Defendant in Wayne County Case III. Specifically, Defendant wishes to assert the following additional affirmative defense:

> That as a result of the June 30, 2014 order of the Wayne County Circuit Court granting summary disposition to ARIC in *Rayfield v. American Reliable Ins. Co.*, et al., Case No. 13-007099-NI, res judicata and/or collateral estoppel operates to preclude plaintiff from re-litigating in this action the determination made in Case No. 13-007099-NI ("the uninsured motorist coverage case") that there is no genuine issue of material fact that plaintiff did not have an insurance policy in effect with ARIC at the time of his July 3, 2010 accident. Because plaintiff had no policy of insurance in effect with ARIC at the time of his July 3, 2010 accident plaintiff cannot recover of Michigan No-Fault personal injury protection benefits from ARIC.

(Def. Mo. For Leave, Doc. #22, at p. 2).

Plaintiff opposes Defendant's motion for leave. (Doc. #27). Defendant has not filed a supporting reply brief.

## 2.     Defendant's Motion to Dismiss or Motion for Judgment on the Pleadings (Doc. #18)

Defendant has filed a Motion to Dismiss or Motion for Judgment on the Pleadings, arguing that the doctrines of collateral estoppel and *res judicata* bar Plaintiff from relitigating the issue of whether he had an active policy of insurance with Defendant on July 3, 2010. Plaintiff opposes this motion. (Doc. #31). Defendant has not filed a supporting reply brief.

## 3.     Defendant's Motion for Summary Judgment (Doc. #20)

Defendant has filed a Motion for Summary Judgment, arguing that there is no genuine issue of material fact as to whether Plaintiff's insurance policy lapsed due to non-payment of premium and, therefore, no valid insurance policy supports his breach of contract action. Plaintiff opposes Defendant's motion (Doc. #32). Defendant has not filed a supporting reply brief.

## STANDARD OF DECISION

5

**A.      Motion for Leave to File Amended Affirmative Defenses Pursuant to Fed. R. Civ. P. 15**

The Federal Rules of Civil Procedure provide that the Court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Requested amendments are liberally granted even when the amendment seeks to add an entirely new cause of action." *Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 78, 79 (N.D. Ohio 1973), *citing Jenn-Air Products Co., Inc. v. Penn. Ventilator, Inc.*, 283 F.Supp. 591 (E.D.Pa.1968). The decision as to whether justice requires the amendment is committed to the district court's sound discretion.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

The Court should consider several factors when deciding whether to grant a motion to file an amended pleading: 1) repeated failure to cure deficiencies by previous amendments; 2) the lack of notice to the opposing party; 3) bad faith by the moving party; 4) delay in filing a motion for leave to amend; 5) undue prejudice to the opposing party; and 6) futility of amendment.  *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898 (6th Cir. 2006).

**B.      Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).  The Court may consider: 1) documents referenced in, or attached to, the complaint and central to the plaintiff's claims; 2) matters of which a court may properly take notice; and 3) public documents and records.  *Costell v. Bank of New York Mellon,* 2013 WL 317746 (E.D. Mich. 2013); *Meyer v. Citimortgage, Inc.*, 2012 WL 411995 (E.D. Mich. 2012); *Devlin v. Kalm*, _Fed. App'x _, 2013 WL 4265757 (6th Cir. 2013).

In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiff's complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at 557. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**C.    Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)**

A motion for judgment on the pleadings is analyzed in much the same way as a motion to dismiss for failure to state a claim. *Mellentine v. Ameriquest Mortgage Co.*, 515 Fed. App'x 419, 423 (6th Cir. 2013), *citing EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). Timing of the motion determines the most appropriate rule of civil procedure under which the motion should be brought. When an answer has already been filed, as is the case here, then the Court should treat a motion to dismiss as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Haverstick Enterprises, Inc. v. Fin. Fed. Credit, Inc.*, 803 F. Supp. 1251, 1255 (E.D. Mich. 1992), aff'd, 32 F.3d 989 (6th Cir. 1994). Therefore, the Court shall construe Defendant's motion to dismiss as a motion for judgment on the pleadings.

**D.    Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp.*

7

*v. Catrett*, 477 U.S. 317, 322 (1984) (quoting FED. R. CIV. P. 56(c)).  "The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case*." LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  Moreover, the court "must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the non-moving party."  *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## ANALYSIS

I.    **Defendant's Motion for Leave to File Amended Affirmative Defenses Pursuant to Federal Rule of Civil Procedure 15(a) (Doc. #22)**

Defendant requests leave to file amended affirmative defenses to include the defense of *res judicata* and/or collateral estoppel based on Judge Gibson's June 30, 2014 Order granting summary disposition to Defendant in Wayne County Case III.  (Doc. #22).  Plaintiff responds that Defendant's request is premature because Plaintiff has appealed that state court order and it is therefore subject to being overturned.

As will be discussed in further detail below, the fact that Plaintiff has appealed the state court order does not strip the order of its preclusive effect while the appeal is pending.  *Farmers Ins. Exch. v. Young*, 2010 WL 3021860 (Mich. Ct. App. Aug. 3, 2010), *citing City of Troy Building Inspector v. Hershberger,* 27 Mich. App. 123, 127 (1970).  Furthermore, Plaintiff has not argued that Defendant's motion for leave should be denied for any other reason.  Independently, the Court can discern no reason to deny the amendment.  Defendant has not unduly delayed the filing of this motion, as it was filed a mere ten days after the state court order was issued.  The amendment is not

8

futile, as it is potentially dispositive of this case.  Defendant has not exhibited bad faith, and no undue prejudice would befall Plaintiff by allowing the amendment.  Therefore, the Court shall GRANT Defendant's Motion for Leave to File Amended Affirmative Defenses.

## II.    Defendant's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) (Doc. #18)

### A.    Collateral Estoppel Bars This Court's Reconsideration Of The Dispositive Issue In This Case.

In this case, the critical, overarching dispute between the parties is whether Plaintiff paid his renewal premium to Defendant, which would have renewed Plaintiff's automobile insurance policy with Defendant for a time period inclusive of the date on which the accident occurred.  Plaintiff has testified that he did remit payment, while Defendant maintains that it never received payment and therefore Plaintiff's coverage lapsed in March of 2010.

On June 30, 2014, in a state court case involving third party and uninsured motorist claims between Plaintiff, Defendant, and the other driver involved in the accident, Wayne County Circuit Court Judge Sheila Ann Gibson granted Defendant ARIC's Motion for Summary Disposition pursuant to MCR 2.116(C)(10) (the state corollary to Rule 56 summary judgment).  Judge Gibson issued a written Order that explained the Court's reasoning for granting Defendant's motion:

> the Court finds . . . that there is no genuine issue of material fact that plaintiff's former insurance policy with American Reliable Insurance Company was not in effect at the time of the July 3, 2010 accident because plaintiff's policy expired prior to the July 3, 2010 accident due to non-payment of the renewal premium and plaintiff has not come forward with any evidence to support his claim that plaintiff paid a premium to reinstate his policy prior to the accident date other than his own uncorroborated and self-serving testimony which is insufficient, as a matter of law, to create a genuine issue of material fact.

(June 30, 2014 Order, Wayne Cty. Cir. Ct., attached to Def. Mo. at Ex. C, p. 2).

Defendant argues that this Court should grant its Motion for Judgment on the Pleadings

9

because Wayne County Circuit Court Judge Gibson's prior determination that "plaintiff's former insurance policy with American Reliable Insurance Company was not in effect at the time of the July 3, 2010 accident" collaterally estops Plaintiff from relitigating that issue in this Court.

Plaintiff responds that this Court should not give preclusive effect to the state court order because 1) in Wayne County Case I, Judge Murphy denied Defendant's motion for summary disposition on the same issue, and therefore Defendant is impermissibly seeking "appellate review" of that order here; 2) this Court should not rule on the collateral estoppel issue until the state appellate court process is completed.

Under Michigan law, "[g]enerally, for collateral estoppel to apply three elements must be satisfied: (1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment'; (2) 'the same parties must have had a full [and fair] opportunity to litigate the issue'; and (3) 'there must be mutuality of estoppel.'" *New Hampshire Ins. Co. v. Carleton*, 2013 WL 3206894 (E.D. Mich. June 24, 2013), *appeal dismissed* (Dec. 31, 2013), quoting *Monat v. State Farm Ins. Co.,* 469 Mich. 679, 682–84 (2004).

### 1)   Actually Litigated

In Wayne County Case III, Plaintiff sued Defendant to recover uninsured motorist benefits. Judge Gibson concluded that summary disposition in Defendant's favor was appropriate because Plaintiff did not have an insurance policy in effect with Defendant as of July 3, 2010. Judge Gibson found that "plaintiff's policy expired . . . due to non-payment of the renewal premium." (Judge Gibson June 30, 2014 Order, attached to Def. Mo, Doc. #18 at Ex. C, p. 2).

"Generally, disposition of a case on summary judgment grounds meets the actually litigated requirement of the issue preclusion test." *Gen. Elect. Med. Sys. Europe v. Prometheus Health*, 394

10

Fed. App'x 280, 284 (6th Cir. 2010), quoting *Nat'l Acceptance Co. of Am. v. Bathalter*, 1991 WL 263474, at *3 (6th Cir. 1991). Although the parties have not provided their summary disposition briefs and responses that they submitted to Judge Gibson, it stands to reason that if she ruled on the issue of non-payment of the renewal premium, the issue of Plaintiff's non-payment of his renewal premium was raised and briefed by the parties. Furthermore, the issue of whether Plaintiff paid his renewal premium (and, thus, whether Plaintiff had a valid policy of insurance with Defendant) is the identical issue now being contested between the parties in this action. Therefore, the Court finds that this element of collateral estoppel application has been satisfied.

### 2)   Valid and Final Judgment

Under Michigan law, summary disposition is a final decision on the merits. *Chakan v. City of Detroit*, 998 F. Supp. 779, 783 (E.D. Mich. 1998), citing *Carter v. SEMTA*, 135 Mich. App. 261, 265 (1984), *lv. app. denied*, 422 Mich. 881 (1985). Furthermore, "[t]he rule in Michigan is that a judgment pending on appeal is deemed *res judicata.*" *Farmers Ins. Exch. v. Young*, 2010 WL 3021860 (Mich. Ct. App. Aug. 3, 2010), citing *City of Troy Building Inspector v. Hershberger,* 27 Mich. App. 123, 127 (1970); RESTATEMENT (SECOND) OF JUDGMENTS § 16 cmt. a (A judgment is final even though it is subject to nullification through a motion for a new trial, by reversal on appeal, or by similar post-judgment outcomes.); *Robinson v. Fiedler*, 91 F.3d 144 at *2 (6th. Cir. 1996) (finding that, in Michigan, decision of lower court is *res judicata*, regardless of pending appeal). To contrast, an interlocutory order denying summary judgment "does not have *res judicata* effect." *Elder v. Twp. of Harrison*, 489 Fed. App'x 934, 936 (6th Cir. 2012), *citing Goodrich v. Moore*, 8 Mich. App. 725 (1967) (finding that a state court's ruling was not entitled to preclusive effect when it occurred in a case that did not result in a final judgment). Moreover, dismissal without prejudice

11

is not a final judgment. *Id.* (finding that "[t]he 2009 tort case did not result in any final judgment, as [plaintiff's] claims . . . were dismissed without prejudice . . . .").

Here, it is beyond dispute that a *grant* of summary judgment (or summary disposition under MCR 2.116(C)(10)) is a decision on the merits of the case. Per Michigan law, as recognized by the Sixth Circuit, the fact that Judge Gibson's order is being appealed does not affect the finality of the judgment. The judgment is final even though it may be overturned at some unknown time in the future. Therefore, the Court finds that Judge Gibson's Order granting summary disposition to Defendant in Wayne County Case III is a valid and final judgment for collateral estoppel purposes.

### 3)      Same Parties

It is undisputed that Plaintiff and Defendant were both parties to Wayne County Case III in their same capacities. Therefore, this requirement is met.

### 4)      Mutuality of Estoppel

Under the mutuality doctrine, a party cannot use a prior judgment to estop an opponent from relitigating an issue in a new case unless both parties are bound by the prior judgment. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979); see *Monat*, 469 Mich. at 684-85. Under Michigan law, mutuality of estoppel is not required when estoppel is used defensively. *Monat*, 469 Mich. at 695.

Here, Defendant is asserting collateral estoppel in an attempt to preclude Plaintiff from re-litigating the issue of whether Plaintiff paid his renewal premium to Defendant. Therefore, Defendant is using estoppel in a defensive manner and mutuality is not required.[1]

---

[1] The Court notes, however, that mutuality of estoppel does exist because both Plaintiff and Defendant are bound by the prior state court judgment.

12

2:13-cv-12709-SFC-PJK   Doc # 33   Filed 11/17/14   Pg 13 of 15   Pg ID 769

### 5)   Full and Fair Opportunity to Litigate

The "'full and fair opportunity to litigate' normally encompasses the opportunity to both litigate and appeal . . . ." *Monat*, 469 Mich. at 685. Here, the Court finds that Plaintiff had a full and fair opportunity to litigate the issue of contract validity in the state court and has an appeal currently pending in the Michigan Court of Appeals. As discussed above, the pending appeal does not affect the judgment's preclusive effect. *Fiedler*, 91 F.3d 144 at *2. Furthermore, Plaintiff had the incentive to vigorously litigate the issue of contract validity in Wayne County Case III because it was dispositive of his uninsured motorist claim as well as his third-party action. *See* M.C.L. 500.3135(2)(c) (stating that a party who operated his vehicle without no-fault insurance at the time of an accident cannot recover damages from a third party arising from that accident). Based on the foregoing, the Court finds that this element has been met for collateral estoppel purposes.

Because the Court finds that all elements for collateral estoppel application have been satisfied, the Court finds that Plaintiff is precluded from re-litigating the issue of whether he paid his insurance renewal premium such that a valid insurance policy existed between the parties at the time of Plaintiff's automobile accident. Accordingly, the Court shall GRANT Defendant's Motion for Judgment on the Pleadings. The Court shall decline to address whether *res judicata* also bars re-litigation of Plaintiff's claim here, as Defendant has argued.

### B.   This Court Shall Not Invoke *Younger* Abstention.

Relying on the United States Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), Plaintiff argues that this Court "should not make a ruling until the state court appellate process is completed." (Pl. Resp., Doc. #31, at 21). Plaintiff maintains that the federal courts should not intervene into state proceedings "in the absence of some type of great and immediate irreparable

13

injury to the federal plaintiff."  (Doc. #31 at 22).

The Sixth Circuit Court of Appeals has succinctly described the applicability of *Younger* abstention in federal civil cases:

> In *Younger*, the Supreme Court held that absent bad faith, harassment or any other unusual circumstance, federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings. The Supreme Court later held that the policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved.

*Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (internal citations and quotations omitted). "There are three requirements for proper invocation of *Younger* abstention: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'"  *Id.*, quoting *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990).

First, Plaintiff did not invoke federal jurisdiction as a basis for obtaining injunctive relief; Defendant invoked removal jurisdiction.  Next, Plaintiff has not argued or shown that there is an important state interest implicated by his appeal such that *Younger* abstention would be appropriate. Additionally, *Younger* abstention appears to be invoked in cases where a federal court is asked to consider a constitutional challenge to state court proceedings.  *See Squire*, 469 F.3d at 553 (district court invoked *Younger* abstention in a case involving a constitutional challenge to the Ohio Supreme Court Rules).  Plaintiff has raised no constitutional challenge here.  For these reasons, the Court finds that invocation of *Younger* abstention would be inappropriate in this case.

## III.   Defendant's Motion for Summary Judgment (Doc. #20)

Because the Court shall grant Defendant's Motions for Leave to File Amended Affirmative Defenses and Defendant's Motion Judgment on the Pleadings, the Court shall DENY AS MOOT

Defendant's Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, the Court shall:

1)   GRANT Defendant's Motion for Leave to File Amended Affirmative Defenses (Doc. #22),

2)   GRANT Defendant's Motion for Judgment on the Pleadings, (Doc. #18); and

3)   DENY AS MOOT Defendant's Motion for Summary Judgment (Doc. #20).

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  November 17, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 17, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

15